**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-11019
Summary Calendar

JOSE MARTINEZ

Plaintiff-Appellant,

VERSUS

WAL-MART STORES INC., doing business as Wal-Mart Store #371

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
(3:95-CV-0216-BD)

April 7, 1997

Before SMITH, DUHÉ and BARKSDALE, Circuit Judges.

PER CURIAM:[1]

Appellant Martinez seeks reversal of the district court's grant of Appellee's Motion For Judgment As A Matter of Law dismissing Appellant's claim for malicious prosecution. We affirm.

Appellant was accused by Wal-Mart's loss prevention officer of shoplifting and was arrested. Subsequently the charges were

---

[1]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

dropped and Appellant brought the instant suit under Texas law for malicious prosecution. PA jury awarded compensatory and punitive damages. After the jury returned its verdict for Martinez, Appellee moved for judgment as a matter of law on the basis that there was no evidence of lack of probable cause nor of malice. The district court found no evidence of malice, an essential element of the cause of action under Texas law and entered a take nothing judgment against Appellant.

In this court Appellant does not contend that he has produced direct evidence of malice but argues rather that malice can be inferred from the facts which the jury apparently did find relating to the lack of probable cause for the Appellant's arrest. Our review of the pertinent law and the record convinces us that the district court was correct. There was not evidence from which the jury could infer malice, even if Texas law allows such inference. The cases cited by Appellant do not support the proposition he espouses. Viewed in the light most favorable to Martinez, the best that can be said for his cause is that the evidence showed negligence on the part of the loss prevention officer.

AFFIRMED.